Harris, J.,
delivered the opinion of tho Court.
On the 10th of March, 1856, defendants, who are druggists in Brownsville, Tennessee, executed to T. S. Brown & Co., of Philadelphia, their promissory note for *442 $208 50, due at six months. On the 15th of May, 1856, Brown & Oo., the payees, assigned said note to the plaintiff as collateral security for the payment of a pre-existing debt due from them to the plaintiff. At the time of the assignment the plaintiff gave Brown & Oo. no credit for the amount of this note on the debt they owed him, nor has he yet given any; but the agreement was that the “nett proceeds of the note” should be credited on the debt of the plaintiff against Brown & Oo.
The plaintiff gave no notice to the defendants, the makers of the note, of the assignment to him, and on the 30th of July, 1856, before the maturity of the note, the same was paid by the defendants to Brown & Oo., the payees. And upon defendants refusing to pay him the amount of the note at maturity, the plaintiff insti-tued this suit for the collection of the same.
On the trial below, the Court charged “that if the the jury should find that the note has been transferred to plaintiff, by T. S. Brown & Co., as collateral security, then, in order to entitle plaintiff to recover, he should prove that he had given notice to the defendants of the transfer and assignment of the note to him by T. S. Brown & Oo., previous to 30th July, 1856.” The .plaintiff’s attorney asked the Court to charge that if they find that the note had been assigned to plaintiff -on the 15th May, 1856, and previous to the payment made by defendants to Brown & Oo., they should find for the plaintiff, although the note may have been assigned to him to secure the payment of a pre-existing debt. This the Court refused to charge, but charged as above.
*443 The jury returned a verdict for defendants. A new trial was refused, and tbe plaintiff appealed.
It is now insisted that this charge is erroneous, and that the Court should have charged as requested.
The argument is, that if a party pay a negotiable paper, as this is, before maturity, and fails to take it up, he does it at his peril, and if it is afterwards assigned before maturity, the assignee has the right to enforce its re-payment.
This doctrine, thus broadly stated is not maintainable. It is true that if a party pay a negotiable paper before due, and fail to 'take it up, and it is afterwards, and before maturity, negotiated in due course of trade, the assignee being an innocent holder for a valuable consideration, would be entitled to enforce its payment. But it is equally true that if it is taken in payment of, or as collateral security for a- pre-existing debt, it is not negotiated in due course of trade, and the holder would stand in no better situation than the payee, and would be subject to all defenses which might be made against it in the hands of the payee. Upon this principle the payment of the note by the defendants to the payees is as available in this action as if the payees were the plaintiffs in the suit.
If the plaintiff had given the defendants notice that he was the holder of the note, before they made the payment, and they had after such notice paid it to the payees, this would have been a payment in their own wrong, and would not avail them as a defense in a suit by the assignee. But if in the absence of such notice, they have in good faith, parted with their money to the payees in satisfaction of this note, though before its *444 maturity, it would be unjust to compel them to pay it again in favor of a party who bas parted with nothing for it.
This note was assigned' to the plaintiff to collect for the payees, and when collected, to credit them with the “ nett .proceeds,” on a debt he held against them. But should he never collect' it, he will still have his debt against Brown & Co., and will be in no worse situation than he was before he took the assignment. But should he recover it from these defendants, it would be compelling them to pay that amount to him on his debt against Brown & Co., to whom they have already, without fault, paid the money. Such a result could be supported upon neither reason nor authority. See Van Wyck vs. Norvell et al., 2 Humph., R., 192, and authorities there referred to, where the doctrine is very fully discussed.
There is no error in the judgment and it is affirmed.